## Saloy *v.* Pepin.

Where, by the terms of a building contract, the price is payable in seven instalments, and the proprietor accepts an order drawn upon him by the undertaker in these words: "accepted, payable according to agreement with the builder, on the last payment I have to make to him according to contract," and, the undertaker after receiving the first instalment, and a second payment in advance, abandons the work, the person in whose favor the order was made cannot recover its amount from the proprietor, who had nothing more to pay to the undertaker.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Buisson*, for the appellant. *Pepin*, defendant, *pro se*. *Le Gardeur*, appeared on the same side. The judgment of the court was pronounced by

Rost, J. This suit is brought upon a conditional acceptance of the defendant. A small portion of the claim only having been allowed by the district court, the plaintiff has appealed, and the defendant asked that the judgment be amended and rendered in his favor.

*D. T. Glenn* having entered into a building contract with the defendant, gave an order upon him to the plaintiff for the sum of $476, to be deducted from the last payment on the building contract. The acceptance of the defendant is as follows: "This order is accepted, payable according to agreement with *Mr. Glenn*, on the last payment I have to make to him, according to contract."

It is alleged in the petition, and in argument, that the order was given for materials furnished by the plaintiff, and used by *Glenn* in the buildings of the defendant. But there is no evidence of that fact, and we cannot notice it. There is nothing in the record to change or vary the import of the written acceptance. It is free from ambiguity; and clearly subjected the right of the plaintiff to recover, to the eventualties of the building contract. This contract was for the sum of $4,739, payable in seven instalments, the last instalment being for the sum of $982, payable by a note at six months, when the buildings, cisterns, paving, and all other appurtenances thereto·were completely finished, and the keys delivered."

*Glenn* received the first payment of $500, and a second payment of $1000, after which he abandoned the contract. He was notified by the defendant to proceed with the execution of it; and, having failed to do so, the defendant completed the buildings himself, and spent in so doing a larger sum than he was to pay *Glenn*.

At the time the contract was broken, the defendant was in advance to *Glenn*, and the last instalment had not matured; after that time, he could have nothing more to pay under it.

The district judge was of opinion that, as the defendant had assumed the payment of materials, and owed nothing to *Glenn* when he paid him the sum of $1000, that payment must have been made in anticipation of subsequent instalments, and should be considered as not made, so far as the plaintiff was concerned. Deducting this sum from the credits of the defendant upon the building contract, the judge found a balance of $61, which he allowed the plaintiff.

We are unable to concur in this opinion. If it were admitted that the rule of law invoked by the judge is applicable to a case like this, there remained four

payments to be made when *Glenn* abandoned the contract. It was not stipula-ted that the advance of $1000 should be deducted from the last payment; and, in default of any stipulations, this advance would have been compensated and ex-tinguished by an equal amount of the first instalments due.

It is urged that the defendant had not shown that he had informed the plaintiff of the default of *Glenn*. It is proved that the plaintiff was apprized of it, and that he furnished materials to the defendant after *Glenn* had abandoned the buildings.

If that evidence was not in the record, we would hold that the plaintiff was bound to show affirmatively the execution of the contract out of the considera-tion of which he is to be paid.

As the case is placed before us, the judgment must be for the defendant. It is therefore ordered that the judgment in this case be amended, and entered in favor of the defendant, with costs in both courts.